UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAGEN MARIA BRADY,

    Plaintiff,

v.                                                                                                    CASE NO. 6:24-cv-1989-SJH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees ("Motion"). Doc. 19. For the reasons herein, the Motion is due to be **granted**.

Petitioner, Richard A. Culbertson, and Sarah P. Jacobs, attorneys for Plaintiff, successfully represented Plaintiff in this appeal of an adverse decision by the Social Security Administration. *See* Docs. 16-17. The case came before this Court and was reversed and remanded. *Id.* Mr. Culbertson requests $2,911.39 in attorney's fees for his and Ms. Jacobs's representation of Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 19 at 1-3, 5, 7, 10. Defendant does not object to the amount of attorney's fees requested. *Id.* at 3.

Under EAJA, unless otherwise provided by statute, a court must "award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … brought by or against the United States … unless the

court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). EAJA also limits individuals eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence-four reversal of a denial of benefits and remand under 42 U.S.C. § 405(g), is a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition to the Motion, the Court will not find that Defendant's position was substantially justified. *See Andersen v. Kijakazi*, No. 8:22-cv-630-AAS, 2023 WL 269567, at *1 (M.D. Fla. Jan. 18, 2023); *Bennett v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1158-MCR, 2021 WL 9772226, at *1 (M.D. Fla. June 29, 2021). Further, there are no special circumstances that make the award unjust. In addition, the Motion represents that Plaintiff's net worth when this proceeding was filed was less than $2 million, Doc. 19 at 2, which is also shown by the affidavit filed by Plaintiff with her application to proceed *in forma pauperis*, Doc. 2; *see also Brown v. Comm'r of Soc. Sec.*, No. 3:19-cv-1096-J-PDB, 2020 WL 3440659, at *1 (M.D. Fla. June 23, 2020). Thus, an award of attorney's fees under EAJA is appropriate.

Regarding the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The amount of attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" and "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited

availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

The Motion states that Mr. Culbertson worked 0.8 hours in 2024 at a rate of $251.82 per hour and 0.1 hours in 2025 at a rate of $255.97 per hour, and Ms. Jacobs worked 0.8 hours in 2024 at a rate of $251.82 per hour and 9.7 hours in 2025 at a rate of $255.97 per hour; the Motion in turn seeks fees totaling $2,911.39. Doc. 19 at 2, 7, 11-12. Considering the lack of opposition, the Court finds the hourly rates reasonable, and the cost-of-living adjustment warranted.[1] *See Bennett*, 2021 WL 9772226, at *1. The Court also finds reasonable the number of hours spent by Plaintiff's counsel on the case. Thus, the Court finds that $2,911.39 is a reasonable amount for attorney's fees in this case pursuant to 28 U.S.C. § 2412(d)(2)(A).

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 19) is **granted**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,911.39.

3. The Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and costs and pay the fees and costs directly to Plaintiff's counsel.

---

[1] If the hourly rates were contested, the Court's determination as to the reasonableness of the rates might be different.

**DONE AND ORDERED** in Jacksonville, Florida, on April 30, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record